[667 NYS2d 149]

In the Matter of GREGORY B. FLYNN, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, December 31, 1997

### APPEARANCES OF COUNSEL

*Edward F. Gerber,* Syracuse, for respondent.
*Anthony J. Gigliotti,* Syracuse, for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982, and maintains an office in Syracuse. The Grievance Committee filed a petition charging respondent with

three counts of misconduct. The petition alleged that respondent neglected an estate matter, commingled a client's funds with personal funds and allowed the balance in his attorney trust account to fall below the amount of the client's interest in the account. Additionally, the petition alleged that respondent failed to safeguard a client's property and failed adequately to supervise a paralegal in his employ who lost a contract document from a client's file. Finally, it alleged that respondent failed to comply with attorney registration requirements.

Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to facts supporting the disciplinary violations in the first two counts of the petition. They stipulated with respect to the third count that respondent submitted his outstanding registration fee and is in compliance with Judiciary Law § 468-a. The Referee adopted the stipulated facts as findings and heard respondent's testimony on the issue of mitigation.

We confirm the findings of fact made by the Referee and dismiss the third charge in the petition alleging failure to comply with Judiciary Law § 468-a. We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 1-104 (D) (2) (22 NYCRR 1200.5 [d] [2])—failing to supervise a nonlawyer adequately;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (2) (22 NYCRR 1200.46 [c] [2])—failing to safeguard the property of a client adequately;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of client funds and render appropriate accounts to the client regarding them;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to a client the funds in the possession of the lawyer that the client is entitled to receive; and

DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

In mitigation, we note that respondent, pursuant to an oral agreement with the client, was authorized to offset his fee for legal services against the proceeds of the real estate sale. His failure to maintain appropriate records and transfer the funds owed to him to his personal account was negligent rather than intentional. With regard to the charge that he failed to safeguard a client's property, the client was not harmed because the document missing from respondent's file was on file in the County Clerk's office. We conclude therefore that respondent should be censured.

GREEN, J. P., PINE, WISNER, CALLAHAN and BOEHM, JJ., concur.

Order of censure entered.